ORIGINAL

cc: JMS

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 21 2016

at 10 o'clock and 30 min. A M.
SUE BEITIA, CLERK

Napoleon T. Annan-Yartey Sr.
C/O 95-441 Kuahelani St Apt. 113
Mililani, Hawaii 96789
518-423-9323/ 808-478-3316
Email: naytecom@hotmail.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE STATE OF HAWAII

| | |
|---|---|
| NAPOLEON T. ANNAN-YARTEY SR. | Case No.: CV 16 00590 JMS/KJM |
| PLAINTIFF/PRO-SE | |
| VS. | PLAINTIFF'S SECOND AMENDED COMPLAINT FOR CIVIL RIGHT VIOLATION |
| 1.OFFICER T. MURANAKA, | |
| 2.OFFICER ROYCE S. OHIRA | |
| 3.OFFICER CHAD K. MURPHY | DEMAND A JURY TRIAL |
| 4. HONOLULU CHIEF OF POLICE LOUIS KEALOHA HPD. | |
| 5.HONOLULU POLICE DEPARTMENT | |
| 6.CITY AND COUNTY OF HONOLULU | COMPLAINT FILED: NOV/01/2016 |
| 7.ALL POLICE OFFICERS INVOLVED AND OFFICIALS | |
| Defendant | |

PLAINTIFF NAPOLEON T. ANNAN-YARTEY'S CIVIL RIGHTS
COMPLAINT WITH REQUEST FOR TRIAL BY JURY

I.                                  INTRODUCTION

1. This is a civil rights action brought by Plaintiff Napoleon T. Annan-Yartey to

seek relief for the Defendants' violations of his rights secured by the Civil Rights

Act of and 1871, 42 U.S.C. § 1983, 1985(3) and the rights secured by the First,

Fourth, Fifth and Fourteenth Amendments to the United States Constitution the rights secured under the Constitution of the State of Hawaii, Article I, Sections 2, 3,5,6,7. And Federal Statute 28 USC section 1658. Plaintiffs seek compensatory and punitive damages, injunctive and declaratory relief, and such other relief as this Court deems equitable and just.

2. Plaintiff, Napoleon T. Annan-Yartey a Pro-Se, complains against Defendants and requests trial by jury as follows: as a Pro-Se brings this Civil Action against all the above mentioned Defendants: The City and County of Honolulu, Officer T. Muranaka, Officer Royce S. Ohira, Officer Chad K. Murphy, Chief of Police Louis Kealoha Honolulu Police Department, Honolulu Police Department collectively, the (Defendants) Plaintiff alleges as follows: The City of Honolulu through the Honolulu Police Department, the Honolulu Municipal Court, and the office of the City Prosecuting Attorney, engages in an ongoing pattern of practice of conduct, including discrimination, that deprives persons of right, privilege and immunities secured and protected by the United States Constitution and Federal Law.

Honolulu Law enforcement officials conduct stops, search and arrest and destroy innocent man's property without legal justification, in violation of the fourth Amendment. Use excessive force in violation of the fourth Amendment, interfere with the right to free expression, in violation of the first Amendment prosecute and resolve Municipal charges in a manner that violates due process and equal protection guarantees of the fourteenth Amendment, and discriminate against blacks in violation of the fourteenth Amendment and Federal Statutory Law.

Plaintiff also bring this action to vindicate profound deprivations of his constitutional rights caused by race based on police misconduct through the HPD and the district court system of destroying Plaintiff's federal Issued Identification Card and personal property and refusal to expunge fifty non-convicted cases from the courts data base, and also from the public computers has deprived plaintiff to secure jobs that require security clearance before hiring also plaintiff has been arrested and jailed by the Honolulu Police Department and the Attorney General has prosecuted such cases without probable cause all cases went through trial and end up with the verdict in favor of the Plaintiff Mr. Annan-Yartey

II                                    JURISDICTION

3. Jurisdiction is conferred upon this Court by 28 U.S.C.§§ 1331 and 1343(3) and, as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

4. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, also under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 42 U.S.C. § 1988.

5. Plaintiff further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

III                              VENUE

    6. Venue is proper in the United States District Court for the District of Hawaii pursuant to 28 U.S.C. § 139l(b) The Parties resides in this judicial district, and the events giving rise to the claims asserted herein occurred here as well

NOTICE OF CLAIM

    7. Within ninety of the incident, Plaintiff filed a written Notices of Claim upon Defendant City of Honolulu by delivering copies of the notices to the person designated by law as a person to whom such claims may be served.
statutory time period.

    8. This is an action was brought by Napoleon T. Annan-Yartey, A black male to vindicate profound deprivations of his constitutional rights caused by race based police brutality.

    9. On December 11, 2013, Plaintiff, then 59 years old, was arrested by Honolulu police when he was crossing the street at Pensacola and King Street for an allegedly illegal arrested the Plaintiff for an alleged obedience to Don't walk or Upraised Red Palm HRS 291C-33(2) and there after cited Plaintiff for criminal Littering

    10. During the course of this arrest, Mr. Annan-Yartey was harassed, assaulted and battered, and racially branded by Honolulu police officers who called him "nigger." And "crazy" illegal searched at the time, he was known to be defenseless.

IV.                          THE PARTIES

    11. At all times relevant hereto, Plaintiff Napoleon T. Annan-Yartey was a resident of the State of Hawaii and a permanent Resident of the United States of America.

12. At all times relevant hereto, Defendant Officer T. Muranaka, Badge 3128 was a citizen of the United States and a resident of the State of Hawaii and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant City and/or of the Honolulu Police Department. Defendant Murunaka is sued individually.

13. At all times relevant hereto, Defendant Chad K. Murphy was a citizen of the United States and a resident of the State of Hawaii and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant City and County of Honolulu and/or of the Honolulu Police Department. Defendant Murphy is sued individually.

14. At all times relevant hereto, Defendant Officer Ohira was a citizen of the United States and a resident of the State of Hawaii and was acting under color of state law in his capacity as a law enforcement officer employed by the Defendant City and County of Honolulu and/or of the Honolulu Police Department. Defendant Officer Ohira sued individually.

15. Defendant City & County of Honolulu hereinafter "Defendant City" is a Hawaii municipal corporation and is the legal entity responsible for itself and for the Honolulu Police Department. This Defendant is also the employer of the individual Defendants and is a proper entity to be sued under 42 U.S.C. § 1983.

16. At all times relevant hereto, Defendant Louis M. Kealoha was a citizen of the United States and a resident of the State of Hawaii. Defendant Louis is sued in his official capacity as the Chief of the Honolulu Police department, employed by the Defendant City and/or the Honolulu Police Department, and was acting under color of state law.

17. As the Chief of the Honolulu Police Department, Defendant Louis M. Kealoha both exercised and delegated their municipal final decision making power

to the Internal Affairs Bureau and others. On information and belief, he also trained and supervised individual Defendants Muranaka. Murphy and T. Ohira

18. Defendant City and County and Defendant Louis M. Kealoha are properly sued directly under 42 U.S.C. § 1983 for their own and their delegated deliberately indifferent unconstitutional decisions, policies, practice, habits, customs, usages, training and derelict supervision, ratification, acquiescence and intentional failures which were moving forces in the complained of constitutional and statutory violations and resulting injuries.

19. The Defendant City is also properly sued under 42 U.S.C. § 1983 for the challenged delegated final decisions of Defendant Louis M. Kealoha in his official capacity as the Chief of the Honolulu Police Department, and for those of any final delegated decision makers, with respect to the hereinafter challenged deliberately indifferent policies, decisions, widespread habits, customs, usages and practices.

V.          FACTS ALLEGED IN THE COMPLAINT

20. Plaintiff incorporates all of the preceding, including the allegations and in the Introduction, as if they were fully set forth again at this point. This is a Section 1983 action brought by a Plaintiff Pro-se against three Honolulu Police officers.

21. The plaintiffs, Napoleon T. Annan-Yartey Sr., went to Walmart to purchase food. After purchasing the food, he decided to walk to the State House, He walked through Pensacola at the junction between Pensacola and South King, he cross the street with other pedestrians after crossing he start to walk towards Northbound King Street then heard a voice coming from HPD vehicle asking him and quote "what is in your bag, he asked the plaintiff.

22. Plaintiff asked thereafter if there was any probable cause or warrant, he replied hold it, you are under arrest, then again plaintiff asked defendant Officer

Muranaka for what? Then Officer Travis Y. Muranaka came out of the vehicle and got on the radio for a backup. Officer T. Ohira arrived shortly thereafter.

23. Plaintiff was obeying all traffic laws and that Officer Muranaka and the other two officers had no reasonable probable cause to stop or arrest him

24. Even though plaintiff cooperated and posed no threat to the officers, the three officers violently pulled him by his neck and then threw him on the ground his head hit the ground causing a broken tooth, had a cut on his lips started to bleed blood in his mouth thereafter he starts to have headaches and a day later he couldn't wake up and do the normal things he normally does.

25. He was subsequently arrested and held without probable cause, such action violates his civil right under the United States Constitution also rights under Fourth and Fourteenth Amendments. Plaintiff brings these claims for unlawful detention, racial profiling, excessive force, false arrest, false imprisonment, and malicious prosecution, Negligent infliction of emotional distress, free from an irresponsible search and seizure of his person

26. Shortly after officer Muranaka stopped the plaintiff, Officer Ohira of Honolulu Police Department arrived thereafter Officer Murphy, officer Murunaka asked Napoleon for his Identification and he provided it to him.

27. Plaintiff did not refuse, but asked the Officers if he could ask a question. Officer Muranaka said "no you niggers do not have rights" plaintiff asked the second time then Officer Ohira said "oh shut up you nigger" if you do not shut up I am going to lock you up and take you to jail" Plaintiff was not allow to say a word he immediately presents his identification and did whatever they asked him to do,

28. Officer Muranaka ordered Mr. Annan-Yartey to raise his two hands then all the three officers rushed to Plaintiff and grab his hands and hand-cuffed him and Officer Muranaka started searching through plaintiff's bag without any warrant or probable cause, he did not find anything or any contraband this was done in violation of Plaintiff's civil rights

29. Before Napoleon could ask about his bag Officer Ohira grab plaintiff's neck, causing him to choke. Upon seeing this, Plaintiff screamed and begged for Officer Ohira to stop. The officers slammed Plaintiff's into the ground again, and kept him face down on the ground while the defendants tightening the handcuffed and removed his wallet.

30. After Napoleon was handcuffed, Officer Muranaka began to interrogate Plaintiff about how much money he was carrying and where he was going. Napoleon answered there was no money and that he was on his way to the State building for a meeting.

31. The defendants subsequently put plaintiff's face down on the ground, handcuffed him and kept interrogating him. Throughout this sequence of events, the defendants never informed the plaintiff as to why he was stopped.

32. The plaintiff did not commit any unlawful acts and never posed a threat to the defendants. The plaintiff did not attempt to resist or evade arrest and was not acting violently or dangerously. The defendants did not have reasonably suspicion or probable cause to handcuff the plaintiffs.

33. The defendants did not read the plaintiffs his Miranda rights. After being held outside for a lengthy period of time, Officer Muranaka announced that the plaintiff "came up clean."

34. The defendants prepared affidavits of Probable Cause for Plaintiff, which contained false statements or omissions. Based on the Affidavit of probable cause prepared by the defendants, Napoleon was charged with (1) one count of criminal Littering (2) disobeyed traffic signal based on the Affidavit of probable cause prepared by defendants, following the arraignment.

35. Other named Defendant officers joined Defendant Muranaka in conducting an arrest of Plaintiff and assisted in placing Mr. Annan-Yartey into custody. Other named Defendant Officers struck Plaintiff as he was placed into custody.

36. At all times during the encounter with Defendants Muranaka and all other named Defendant police officers, Plaintiffs Mr. Annan-Yartey acted in a lawful manner. Plaintiff did not resist the illegal arrests in any manner. Plaintiffs was initially charged with disobeyed traffic signal was charged again with Criminal Littering.

37. Plaintiffs was released on his own recognizance.

38. All criminal complaints, allegations and charges were sworn to under oath by Defendant Muranaka as true, even though he knew them to be false.

39. All charges were dismissed, with prejudice, on the motion of the District Attorney of Honolulu.

40. The Plaintiff was required to appear in court on several occasions related to the false criminal charges against him. Plaintiff incurred legal and other expenses as a result of these wrongful arrest and prosecutions.

41. At all times herein, the individual Defendants had no cause, let alone probable cause or reasonable suspicion, to arrest, exercise excessive force, charge and detain Plaintiff. Their actions were based on malice and bad faith and were supported by the false statements made by the Defendants under oath.

42. The conduct of the individual Defendants in restraining, arresting, striking, threatening and prosecuting the Plaintiff proximately caused physical, emotional and financial injury to him, as well as serious physical and emotional pain and suffering, mental anguish, shock, fright, physical pain, humiliation, embarrassment and deprivation of his constitutional rights. Plaintiff suffered the trauma, debasement and humiliation as a result of being publicly arrested without any cause, and assaulted, unlawfully imprisoned and maliciously prosecuted.

43. At all times relevant herein, the individual Defendants acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to the Plaintiff's rights and physical and mental well-being by arresting, imprisoning and prosecuting Plaintiffs.

44. The actions of the individual Defendants, as set forth herein, were the result of the failure of the City of Honolulu Department's failure to properly train, supervise and discipline its officers, including Defendants Officer Ohira and all other named defendant Police Officers. This failure to train, supervise and discipline is a consequence of the deliberate policies and practices of the Defendant City of

Honolulu and its HPD. These policies and practices are in part responsible for the unconstitutional, wrongful, deliberate, malicious, negligent, careless and intentional actions of the individual Defendants.

45. At all relevant times herein, Defendant City of Honolulu, acting through its HPD, developed, implemented, enforced, encouraged and sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to the Plaintiffs' constitutional rights which caused the violation of his rights.

46. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

47. The constitutional abuses and violations by Defendant City of Honolulu, through the actions of its HPD and all other named Defendant police officers, were and are directly and proximately caused by policies, practices and/or customs developed, implemented, enforced, encouraged and sanctioned by Defendant City of Honolulu, including the failure:

(a) To adequately supervise and train its officers and agents, including the Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers;

(b) To properly and adequately monitor and discipline its officers, including Defendants; and

(c) To adequately and properly investigate citizen complaints of police misconduct, instead, acts of misconduct were tolerated by the City of Honolulu.

48. Upon information and belief, Defendant City of Honolulu has, acting through its HPD, developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice, and/or custom of unlawfully interfering with and/or arresting, without reasonable suspicion or probable cause, individuals who exercise their rights under the First Amendment by engaging in monitoring and documenting police activities and/or misconduct.

49. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution.

50. Defendants have acted with deliberate indifference to the constitutional rights of Plaintiff. As a direct and proximate result of the acts as stated herein by each of the Defendants, the Plaintiff's constitutional rights have been violated which has caused him to suffer physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

51. Plaintiff has no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, and/or customs which have directly and proximately caused such constitutional abuses.

52. The criminal proceedings against Mr. Annan-Yartey went to trial and the court came with a (not guilty verdict) thereafter all charges were dismissed in favor of Plaintiff's. See exhibit "A"

VI.                              CAUSE OF ACTION

FIRST CLAIM FOR RELIEF

42 U.S.C. § 1983 and Fifth and Fourteenth Amendments by Plaintiff against all Defendants Plaintiff repeat and re-allege by reference paragraphs 1 through 56 as if fully set forth herein.

53. The acts of the individual Defendants, under color of state law, in arresting Plaintiff Mr. Annan-Yartey verbally abusing Plaintiff, and in physically assaulting Plaintiff was racially motivated, undertaken without lawful justification, taken with deliberate indifference to Plaintiff's rights, and were designed to, and did, cause specific and serious bodily harm, pain and suffering to the Plaintiff in violation of his constitutional rights as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution. Through these actions, Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

54. As a consequence of the individual Defendants' actions, Plaintiff have suffered violations of his due process rights under the Fifth and Fourteenth Amendments. Plaintiff have fear and apprehension that he will, again, be subject to similar unlawful acts by Defendants.

55. As a direct and proximate result of the Defendants' unlawful actions, Plaintiff have suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## SECOND CLAIM FOR RELIEF

42 U.S.C. § 1983 and Fourth and Fourteenth Amendments by Plaintiff Against all Defendants. Plaintiff repeats and re-allege by reference paragraphs I through 59 as if fully set forth herein.

56. By their conduct, as described herein, and acting under color of state law to deprive the Plaintiff of his rights to be free from unreasonable searches and seizures and arrest without reasonable suspicion or probable cause as required by the Fourth and Fourteenth Amendments, Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

57. As a direct and proximate result of Defendants' unlawful actions, Plaintiff have suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

## THIRD CLAIM FOR RELIEF

42 U.S.C. § 1983 and Fourth and Fourteenth Amendments by Plaintiff Against all Defendants. Plaintiff repeat and re-allege by reference paragraphs 1 through 60 as if fully set forth herein.

58. By their conduct, as described herein, and acting under color of state law to deprive the Plaintiff of his rights to be free from excessive force in the course of an arrest as required by the Fourth and Fourteenth Amendments, the individual Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States

Constitution.   As a direct and proximate result of Defendants' unlawful actions, Plaintiffs have suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment

### FOURTH CLAIM FOR RELIEF

42 U.S.C. § 1983 and Fourth and Fourteenth Amendments by Plaintiff and against all Defendants. Plaintiff repeat and re-allege by reference paragraphs 1 through 61 as if fully set forth herein.

59. By their conduct, as described herein, and acting under color of state law, Defendants are liable to each Plaintiff under 42 U.S.C. § 1983 for the violation, of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

60. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive Plaintiff of his constitutional rights. The prosecution by Defendants of each Plaintiff constituted malicious prosecution in that there was no basis for the Plaintiff's arrest, yet Defendants continued with the prosecutions, which were resolved in Plaintiff's favor.

61. As a direct and proximate result of Defendants' unlawful actions, Plaintiff have suffered, and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

FIFTH CLAIM FOR RELIEF

42 U.S.C. § 1983 and Fifth and Fourteenth Amendments by Plaintiff Against all

Defendants.

62. Plaintiff repeats and re-allege by reference paragraphs 1 through 64 as if

fully set forth herein.  By their conduct, as described herein, Defendants are liable

to each plaintiff under 42 U.S.C. § 1983 for the violation, under color of state law,

of the constitutional right to be free from any deprivation of liberty without due

process of law under the Fifth and Fourteenth Amendments to the United States

Constitution.

63. As a direct and proximate result of Defendants' unlawful actions,

Plaintiff have suffered, and will continue to suffer, damages including, physical,

mental and emotional injury and pain, mental anguish, suffering, humiliation and

embarrassment.

SIXTH CLAIM FOR RELIEF

(Monell Claim)

64. Plaintiff repeat and re-allege by reference paragraphs 1 through 66 as if

fully set forth herein.

65. At all relevant times herein, Defendant City of HONOLULU acting

through its HPD, developed, implemented, enforced, encouraged and sanctioned de

facto policies, practices, and/or customs exhibiting deliberate indifference to the

Plaintiffs' constitutional rights which caused the violation of such rights.

66. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of his constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution.

67. The constitutional abuses and violations by Defendant City of Honolulu, through the actions of its Police Department and all named Defendants, were and are directly and proximately caused by policies, practices and/or customs developed, implemented, enforced, encouraged and sanctioned by Defendant City of Honolulu, including the failure:

(a) To adequately supervise and train its officers and agents, including the Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers;

(b) To properly and adequately monitor and discipline its officers, including Defendants; and

(c) To adequately and properly investigate citizen Complaints of police misconduct and instead, acts of misconduct were tolerated by the City of Honolulu

68. Upon information and belief, Defendant City of Honolulu has, acting through its HPD, developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice, and or custom of unlawfully interfering with and or arresting, without reasonable suspicion or probable cause, individuals who exercise their rights under the First Amendment by engaging in monitoring and documenting police activities and/or misconduct.

69. Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiffs of their constitutional rights under the First, Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution.

70. Defendants have acted with deliberate indifference to the constitutional rights of Plaintiff. As a direct and proximate result of the acts as stated herein by each of the Defendants, the Plaintiff's constitutional rights have been violated which has caused them to suffer physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

71. Plaintiff have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, and! Or customs which have directly and proximately caused such constitutional abuses.

SEVENTH CLAIM FOR RELIEF

Article I, Section 11 of Hawaii State Constitution

72. Plaintiff repeat and re-allege by reference paragraphs 1 through 74 as if fully set forth herein

73. The acts of Defendants, acting under color of law, in arresting Plaintiff and in physically assaulting Plaintiff were racially motivated and were done without lawful justification, and were designed to and did cause specific and serious bodily harm, pain and suffering to the Plaintiff in violation of his Constitutional rights to equal protection as guaranteed by Article I, Section 2, 3,5,6,7 of the Constitution of the State of Honolulu.

74. The foregoing acts and conduct of Defendants were a direct and proximate cause of injury and damage to Plaintiff and violated their rights as guaranteed by the Constitution of the State of Honolulu

### EIGHTH CLAIM FOR RELIEF

**Article I, Section 12 of Hawaii State Constitution**

75. Plaintiff repeats and re-allege by reference paragraphs 1 through 77 as if fully set forth herein.

76. The acts of Defendants, acting under color of law, in subjecting Plaintiff to unlawful search and seizure, arrest and excessive force by physically assaulting Plaintiffs were done without reasonable suspicion or probable cause and were designed to, and did cause, specific and serious bodily harm, pain and suffering to the Plaintiff in violation of their Constitutional rights as guaranteed by Article I, Section 2 of the Constitution of the State of Hawaii

77. The foregoing acts and conduct of Defendants were a direct and proximate cause of injury and damage to Plaintiffs and violated their rights as guaranteed by the Constitution of the State of Hawaii.

### NINTH CLAIM FOR RELIEF

State Common Law Malicious Prosecution Case Plaintiff repeat and re-allege by reference paragraphs 1 through 80 as if fully set forth herein.

78. By their conduct, as described herein, Defendants are liable to Plaintiff for having committed malicious prosecution under the laws of the State of Hawaii.

79. Defendants maliciously commenced criminal proceedings against Plaintiff, charging him with disobedient to Traffic signal. Plaintiff was additionally

charged with Criminal Littering defendants falsely and without probable cause charged Plaintiffs with violations of the laws of the State of Hawaii.

80. The commencement and continuation of the criminal proceedings against Plaintiffs was malicious and without probable cause.

81. All 65 charges were terminated in Plaintiff's favor.

82. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of Plaintiff. Defendant City of Honolulu, as an employer of the individual Officers

83. Defendants, is responsible for their wrongdoing under the doctrine of respond eat superior. As a direct and proximate result of the misconduct and abuse of authority stated above, Plaintiffs sustained the damages alleged herein.

TENTH CLAIM FOR RELIEF

(Respond eat Superior)

84. Plaintiff repeats and re-alleges paragraphs 1 through 86 as if fully set forth herein.

85. The conduct of all Defendants occurred while they were on duty and in uniform, in and during the course and scope of their duties and functions as Honolulu City Police Officers and while they were acting as agents and employees of the Defendant City of Honolulu. Defendant City of Honolulu is liable to Plaintiffs under the common law doctrine of respond eat superior.

ELEVENTH CLAIM FOR RELIEF

42 U.S.C. § 1983 – Racial Discrimination in Violation of the Equal Protection Clause of the Fourteenth Amendment and 42 U.S.C. § 1981

(Against Defendants Officer Muranaka, Officer Chad and Officer Ohiro

85. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

86. 42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation,
Custom or usage of any state or territory or the District of Columbia
Subjects or causes to be subjected any citizen of the United States
Or other person within the jurisdiction thereof to the deprivation of
Any rights, privileges or immunities secured by the constitution and
Law shall be liable to the party injured in an action at law, suit in
Equity or other appropriate proceeding for redress . . .

87. Plaintiff in this action is a Permanent Resident of the United States and all of the individual officer Defendants to this claim are persons for purposes of 42 U.S.C. § 1983

88. All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as Honolulu police officers and their acts or omissions were conducted within the scope of their official duties or employment.

89. At the time of the complained of events, Plaintiff had the clearly established constitutional right to be free from racial discrimination in law enforcement by police officers and to enjoy the equal protection of the laws.

90. Title 42 U.S.C. § 1981("Section 1981") provides, in pertinent part:

(a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties,

give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

91. Plaintiff, as an African male is a member of a protected class, and thus also had the clearly established statutory right under this provision of 42 U.S.C. § 1981 to be free from racially motivated beatings, arrests, searches, and the filing of false charges.

92. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

93. Plaintiff's race was a motivating factor in the decisions to use excessive force and then maliciously prosecute Plaintiff with false charges. Defendants' conduct was undertaken with the purpose of depriving Plaintiff of the equal protection and benefits of the law, equal privileges and immunities under the law, and due process in violation of the Fourteenth Amendment and §1981.

94. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Mr. Annan-Yartey's federally protected rights.

95. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

96. These individual Defendants acted in concert and joint action with each other.

97. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional and statutory rights and caused him other damages.

98. Defendants are not entitled to qualified immunity for the complained of conduct.

99. The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

100. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

101. On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequel of his closed head injury, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and

costs as allowable by federal law. There may also be special damages for lien interests.

102. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 28 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional and statutory rights of Plaintiff.

## TWELVE CLAIM FOR RELIEF

42 U.S.C. § 1983 – Pendent Claims of Intentional and Negligent Infliction of Emotional Distress Clause of the Fourteenth Amendment and 42 U.S.C. § 1981 (Against Defendants Officer Muranaka, Officer Chad and Officer Ohiro

103. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

104. In the course of assault and battering Mr. Annan-Yartey about his face and body, falsely arrested, falsely prosecuted defendants Officers Muranaka, Ohira, and Murphy and John Doe, Police officers embarked on a malicious, willful, and grossly negligent course of conduct intended to cause Mr. Annan-Yartey to suffer extreme mental and emotional distress, agony and anxiety

105. One objective of this extreme and outrageous course of conduct was to inflict severe mental and emotional distress upon Mr. Annan-Yartey so as to intimidate, terrify and dissuade him from exposing the vicious assault and battery, and torture inflicted upon him. The false arrest and the unconscionable sworn false affidavit for probable cause.

106. Defendants intentionally, recklessly or negligently caused Mr. Annan-Yartey to suffer mental and emotional distress by impeding and obstructing the exposure of the vicious battering and torture he suffered, and the false arrest he endured.

VII.   PRAYER FOR RELIEF WHEREFORE, Plaintiffs pray for relief as follows:

a. A declaration that Defendants' conduct violated the First, Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution and Plaintiff's rights under the Hawaii State Constitution and state common law in the manners alleged herein, upon consideration of the evidence adduced at trial or otherwise;

b. A mandatory injunction requiring that Defendants possessing any arrest information arising from the actions complained of herein shall collect and deliver to the Plaintiff's all such records and expunge or delete all such information from their records;

c. An injunction enjoining Defendants from engaging in conduct to unlawfully disrupt, disperse, interfere with or prevent the lawful First Amendment activities explained of herein;

d. Award Plaintiff's compensatory damages against the Defendants, including, but not limited to any emotional distress, compensable costs related to criminal defenses, and any other compensatory damages as permitted by law and according to proof at trial;

e. Award Plaintiff's punitive damages;

f. Award attorneys' fees pursuant to 42 U.S.C. § 1988;

g. Award costs of suit pursuant to 42 U.S.C. §§ 1920 and 1988; and,

h. A ward such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the in name of justice

Dated: November/14/2016

Respectfully Submitted

Napoleon T. Annan-Yartey Pro-Se

PLAINTIFF/PROSE  NAPOLEON T. ANNAN-YARTEY'S INITIAL COMPLAINT - 26