IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NAPOLEON T. ANNAN-YARTEY SR., <br><br> Plaintiff, <br><br> vs. <br><br> OFFICER T. MURANAKA, ET AL., <br><br> Defendants. | CIV. NO. 16-00590 JMS-KJM <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT, ECF NO. 31 |

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT, ECF NO. 31

### I. INTRODUCTION

On November 1, 2016,[1] pro se Plaintiff Napoleon T. Annan-Yartey, Sr. ("Plaintiff") filed claims for civil rights violations against the City and County of Honolulu (the "City"); Honolulu Police Department ("HPD");[2] HPD Officers T. Muranaka ("Muranaka"), Royce S. Ohira ("Ohira"), and Chad K. Murphy ("Murphy") in their individual capacities; HPD Chief Louis M. Kealoha ("Kealoha") in his official capacity; and "all police officers involved and officials"

---

[1] Plaintiff contends that he hand-delivered his Complaint to the Clerk's Office on October 25, 2016. *See* Pl.'s Opp'n at 5. Whether the Complaint was filed on October 25, 2016, or November 1, 2016, the result would be the same -- Plaintiff's claims are time-barred.

[2] The court considers claims against HPD to be against the City. *See, e.g.*, *Dowkin v. Honolulu Police Dep't*, 2010 WL 4961135, at *3 (D. Haw. Nov. 30, 2010) (concluding that because "HPD is not an independent legal entity . . . [t]he court will treat Plaintiff's claims against the HPD as claims against the City") (citations omitted).

("Doe Defendants"), ECF No. 1.  On November 21, 2016, Plaintiff filed a "Second Amended Complaint" ("SAC").[3]  ECF No. 10.  On December 5, 2016, the court (1) dismissed Plaintiff's claims against the City, Doe Defendants, Kealoha, and Count 11 against Murphy; (2) found that the SAC stated claims against Muranaka, Ohira, and Murphy (collectively, "Defendants") in their individual capacities; and (3) directed service of the SAC on Defendants (the "December 5 Order").  ECF No. 12.

Currently before the court is Defendants' Motion to Dismiss Plaintiff's SAC on the ground that Plaintiff's claims are time-barred.  ECF No. 31.  Based on the following, the court agrees.  The Motion to Dismiss is GRANTED and the SAC is DISMISSED without leave to amend.

## II. BACKGROUND

A. **Factual Background**

Plaintiff, an African-American male, alleges that on December 11, 2013, Defendants arrested him, and searched and seized his belongings without probable cause after Plaintiff, who was carrying a bag of recently purchased food, crossed a street along with other pedestrians.  SAC ¶¶ 8, 9, 21-23, 25-26.

---

[3] On November 3, 2016, Plaintiff filed an Amended Complaint, ECF No. 5, and on November 15, 2016, he attempted to file a "Second Amended Complaint," which was docketed as a "Supplement" because Plaintiff did not yet have court leave to file a second amended complaint, ECF No. 6.  After obtaining leave to file an amended complaint, Plaintiff filed the current SAC.  ECF No. 10.

2

Muranaka and Ohira allegedly made racially derogatory remarks;[4] Ohira choked Plaintiff; all three officers "pulled him by his neck and then threw him on the ground," restrained him with handcuffs, and took his wallet; Muranaka searched Plaintiff's bag and took his federally-issued ID; and all three officers held him on the ground for a lengthy period of time until Muranaka stated that Plaintiff "came up clean;" all without telling Plaintiff why he was stopped. *Id.* ¶¶ 24, 26-29, 31, 33.

Plaintiff was charged in state court with disobeying traffic signals and littering, based on affidavits of probable cause containing allegedly false statements or omissions by the three officers. *Id.* ¶¶ 34, 36. Plaintiff appeared in court several times related to the allegedly false charges before they were dismissed with prejudice. *Id.* ¶¶ 39-40. Somewhat inconsistently, the SAC also alleges that "criminal proceedings against [Plaintiff] went to trial and the court came with a (not guilty verdict) thereafter all charges were dismissed in favor of Plaintiff[]," *id.* ¶ 52, and that "[a]ll 65 charges were terminated in Plaintiff's favor," *id.* ¶ 81.

---

[4] Muranaka allegedly told Plaintiff "you niggers do not have rights," and Ohira allegedly said "oh shut up you nigger[] if you do not shut up I am going to lock you up and take you to jail." SAC ¶ 27.

Events listed in state court public dockets provide some clarification.[5] Two criminal actions arose from citations issued on December 11, 2013: (1) Case No. 1DTI-13-159259, based on a traffic citation for crossing a street against a Don't Walk signal, in violation of Hawaii Revised Statutes ("HRS") § 291C-33(2); and (2) Case No. 1DCC-13-0010643, based on a criminal citation for littering, in violation of HRS § 708-829. *See* Hawaii State Judiciary Information Management System eCourt Kokua ("eCourt Kokua"), http://jimspss1.courts.state.hi.us:8080/eCourt/ECC/CaseSearch.iface (last visited Mar. 24, 2017). The traffic citation was dismissed with prejudice on July 23, 2014, and the littering citation was dismissed with prejudice on July 31, 2014. *See id.*

On August 3, 2014, Plaintiff was issued an unrelated citation charging him with entering a closed park in violation of Revised Ordinances of Honolulu 10-1.2(a)(12). *See id.* (Case No. 1DCC-14-0006812). Following a bench trial, on October 27, 2014, Plaintiff was found not guilty. *Id.*

///

///

---

[5] The court "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011); *see also Lee v. City of L.A.*, 250 F.3d 668, 689-90 (9th Cir. 2001) ("A court may take judicial notice of matters of public record.") (citation and quotation marks omitted). Consideration of "matters of judicial notice" does not require that a motion to dismiss be converted to a motion for summary judgment. *See Sluka v. Rushmore Loan Mgmt. Serv., LLC*, 2016 WL 6275387, at *1 n.1 (D. Haw. Oct. 26, 2016) (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

**B.     Procedural Background**

Plaintiff filed this action on November 1, 2016, and filed his SAC on November 21, 2016. ECF Nos. 1, 10. Against the remaining Defendants, the SAC asserts § 1983 claims for violation of rights protected by the Fourth, Fifth, and/or Fourteenth Amendments to the United States Constitution including equal protection (Count 1); unreasonable search, seizure, and arrest without probable cause (Count 2); excessive force (Count 3); malicious prosecution (Count 4); and due process (Count 5). The SAC also alleges claims for racial discrimination and conspiracy to discriminate pursuant to 42 U.S.C. §§ 1981, 1983, and 1985(3) (Count 11); and (2) intentional and negligent infliction of emotional distress under §§ 1981, 1983, and state law (Count 12). Finally, the SAC alleges state-law claims for malicious prosecution (Count 9); and violation of rights protected by the Hawaii State Constitution including equal protection (Count 7) and unlawful search, seizure, arrest, and excessive force (Count 8).

On February 7, 2017, Defendants filed their Motion to Dismiss. ECF No. 31. On February 24, 2017, Plaintiff filed his Opposition. ECF No. 34. Defendants filed a Reply on March 3, 2017, ECF No. 35, and on March 9, 2017, Plaintiff filed an Affidavit in Support of his Opposition, ECF No. 36.[6] A hearing was held on March 20, 2017. Pursuant to the court's request, the parties each filed

---

[6] Although Plaintiff filed his Affidavit nearly two weeks after his Opposition, the court will accept the late filing.

a Supplemental Memorandum on March 23 and 24, 2017, respectively. ECF Nos. 38, 39.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]" A Rule 12(b)(6) dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'" *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"A statute-of-limitations defense, if 'apparent from the face of the complaint,' may properly be raised in a motion to dismiss." *Seven Arts Filmed Entm't Ltd. v. Content Media Corp.*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980)); *see also Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) ("When an affirmative defense is obvious on the face of a complaint, however, a defendant can raise that defense in a motion to dismiss.") (citing *Cedars-Sinai Med. Ctr. v. Shalala*, 177 F.3d 1126, 1128-29 (9th Cir. 1999)). That said, "a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995) (quotation marks and

citations omitted).[7] In making such a determination, the court is not "required to accept as true allegations that contradict . . . matters properly subject to judicial notice[.]" *Seven Arts Filmed Entm't Ltd.*, 733 F.3d at 1254 (internal quotation marks omitted); *see also Mimms v. Lewis*, 2016 WL 5329625, at *5 (C.D. Cal. May 3, 2016) ("A motion to dismiss based on the running of the statute of limitations is appropriate, however, only if the assertions of the complaint, read with the required liberality, and any properly judicially noticed documents, would not permit the plaintiff to prove that the limitations period was tolled.") (citing *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993)).

        Plaintiff is appearing pro se; consequently, the court liberally construes the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

---

[7] Although *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "retired" the "no set of facts standard," the Ninth Circuit continues to use the "no set of facts" formulation post-*Twombly* in the statute of limitations context. *See, e.g.*, *U.S. ex rel. Air Control Tech., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013); *Mansha Consulting LLC v. Alakai*, --- F. Supp. 3d ---, 2017 WL 655529, at *3 (D. Haw. Feb. 16, 2017) (citations omitted).

## IV. **DISCUSSION**

Defendants argue that Plaintiff's claims are barred by the two-year statute of limitations set forth in Hawaii Revised Statutes ("HRS") § 657-7 or § 46-72.[8] Plaintiff contends that this action is timely, or in the alternative, that the statute of limitation should be tolled. The court sets forth the applicable legal standards and then addresses these arguments in turn.

### A. Legal Framework

Courts apply the forum state's statute of limitations and its tolling provisions for personal injury tort actions to federal claims under §§ 1981, 1983, and 1985. And here, a two-year statute of limitations applies. *See Beckstrand v. Read*, --- F. App'x ---, 2017 WL 957210, at *2 (9th Cir. Mar. 13, 2017) ("Hawaii's

---

[8] Defendants also argue that Plaintiff's claims alleging violation of Article 1 of the Hawaii State Constitution should be dismissed because Hawaii does not recognize a private right of action for damages for violation of rights guaranteed under the Hawaii State Constitution. Absent clear legal authority in support of such a claim, courts that have addressed the issue have declined to infer that the Hawaii State Constitution authorizes a private right of action. *See Ilae v. Tenn*, 2013 WL 4499386, at *17 (D. Haw. Aug. 20, 2013); *Galario v. Adewundmi*, 2009 WL 1227874, at *11 (D. Haw. May 1, 2009), *rev'd in part on other grounds by Galario v. Adewundmi*, 531 F. App'x 830 (9th Cir. 2013) (Mem.); *Makanui v. Dep't of Educ.*, 6 Haw. App. 397, 403, 721 P.2d 165, 170 n.2 (Haw. Ct. App. 1986) ("We do not decide whether Hawaii recognizes a cause of action for damages for deprivation of rights under the state's constitution or laws."). But, even assuming that such a private cause of action exists, it would be subject to the two-year limitation set forth in § 657-7. *See Thomas v. Cty. of Hawaii*, 128 Haw. 497, 291 P.3d 395 (Table), 2012 WL 5289306, at *2 (Haw. Ct. App. Oct. 26, 2012) (applying § 657-7's two-year limitation to a claim for violation of privacy rights under the Hawaii State Constitution without addressing viability of such claim). In light of *Thomas*' recognition that § 657-7 would be the appropriate statute of limitation, the court need not determine whether Plaintiff's claims under the Hawaii State Constitution are viable -- even if such claims are viable, as set forth below, they would be time-barred.

two-year statute of limitations for personal injury actions applies to . . . claims under 42 U.S.C. § 1983."); *Lukovsy v. City & Cty. of S.F.*, 535 F.3d 1044, 1048 (9th Cir. 2008) (regarding claims under § 1981); *McDougal v. Cty. of Imperial*, 942 F.2d 668, 673-74 (9th Cir. 1991) (regarding claims under § 1985(3)). As a result, Plaintiff's claims are subject to the two-year statute of limitations set forth in Hawaii Revised Statutes ("HRS") § 657-7.[9]

## B.   Application of Legal Framework

Here, Plaintiff asserts claims for injuries based on the events of December 11, 2013, and thereafter, when Defendants allegedly violated his civil rights and then maliciously prosecuted him by issuing citations and pursuing court action on those citations. Because Plaintiff brought this action on November 1, 2016 (or, as he claims, October 25, 2016), *i.e.*, more than two years after December 11, 2013, it appears that Plaintiff's claims are time-barred unless the SAC alleges facts to support tolling of the statute of limitations or suggesting that his claims accrued less than two years prior to the filing of this action.

---

[9] Although Defendants initially argued that Plaintiff's state-law claims are subject to HRS § 657-7, they now argue in the alternative that HRS § 46-72 is the applicable statute of limitation. *See* Defs.' Suppl. Mem. at 3-4, ECF No. 39. Section 46-72 provides that "[b]efore the county shall be liable for damages to any person for injuries to person or property . . . the person injured . . . within two years after the injuries accrued shall [provide notice to the county] of the injuries and . . . amount claimed." Section § 46-72 does not appear to apply in this case -- Plaintiff's remaining claims are asserted against Defendants in their individual capacities, and not against the City and County of Honolulu. However, the court need not determine whether § 46-72 applies to Plaintiff's state-law claims because both §§ 46-72 and 657-7 set forth a two-year statute of limitation.

### 1.     *Tolling*

Plaintiff contends that the statute of limitations should be tolled for multiple reasons.  First, during the March 20, 2017 hearing, he argued that HRS § 701-108(3)[10] extends the statute of limitations.  Plaintiff's reliance on § 701-108 is misplaced.  Section 701-108 is part of the Hawaii Penal Code and sets forth time limits, and exceptions to those time limits, for commencing criminal prosecutions.  It is inapplicable to the commencement or tolling of Plaintiff's civil claims.

Second, Plaintiff argues that pursuant to HRS § 657-23,[11] while *any* criminal action based on *any* citation issued by an HPD officer against him is pending, all civil claims he wishes to assert against HPD officers are tolled.  *See* Pl.'s Suppl. Mem. at 3.  Again, Plaintiff is mistaken.  Section 657-23 tolls the

---

[10] HRS § 701-108(1) provides that prosecutions for murder and certain sexual assault offenses "may be commenced at any time."  Section 701-108(2) sets forth limitation periods for commencing prosecutions for various other criminal offenses.  Plaintiff relies on § 701-108(3), which provides that notwithstanding the expiration of a limitation period set forth in (2), a prosecution may be commenced for:
> . . .
> (b) Any offense based on misconduct in office by a public officer or employee at Any time when the defendant is in public office or employment or within two years thereafter, but in no case shall this provision extend the period of limitation by more than three years from the expiration of the period of limitation prescribed in subsection (2); . . . .

[11] HRS § 657-23 provides:
> If at any time when any cause of action for recovery of restitution or compensation for damage or injury to a victim of a crime exists, a criminal action is pending which arises out of the same occurrence, the time during which the criminal action is pending shall not be deemed or taken as any part of the time limited for the commencement of the civil action.
> As used in this section, a criminal action is pending until the court's jurisdiction in the criminal action is terminated.

statute of limitations for civil claims asserted by "a victim of a crime" against the perpetrator of that crime while "a criminal action is pending which arises out of [that crime]." Plaintiff's claims are not tolled by § 657-23.

Finally, Plaintiff argues that the statute of limitations should be equitably tolled. *See Cervantes*, 5 F.3d at 1276-77 (holding that dismissal on statute of limitations grounds is disfavored when equitable tolling may apply). "To be eligible for equitable tolling of the statute of limitations under Hawaii law, a plaintiff must show that he 'has been pursuing his right diligently, and . . . that some extraordinary circumstance stood in his way.'" *Dela Cruz v. Todd*, 2017 WL 776094, at *5 (D. Haw. Feb. 28, 2017) (quoting *Office of Hawaiian Affairs v. State*, 110 Haw. 338, 360, 133 P.3d 767, 789 (2006)). "Extraordinary circumstances are circumstances that are beyond the control of the complainant and make it impossible to file a complaint within the statute of limitations." *Id.* (citing *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000)).

Plaintiff contends that he diligently pursued his rights and that he was prevented from complying with the statute of limitations because Defendants continued to maliciously prosecute him in a wholly separate action -- an August 3, 2014 citation charging him with entering a closed park and subsequent trial (ending in an October 27, 2014 acquittal). *See* eCourt Kokua, http://jimspss1. courts.state.hi.us:8080/eCourt/ECC/CaseSearch.iface (Case No. 1DCC-14-

0006812). The SAC does not allege any facts demonstrating that Plaintiff could not have filed the instant action either during or after the prosecution of that case. That is, even construing the SAC liberally, it lacks any basis whatsoever to show that Plaintiff was prevented from filing the instant action within the statute of limitations due to circumstances beyond his control. *See Dela Cruz*, 2017 WL 776094, at *5. Plaintiff has proved neither that he had been pursuing his right diligently nor that something stood in his way from doing so. Nor does Plaintiff, in his various filings, make such a factual allegation.

Thus, the court finds that the SAC fails to allege facts sufficient to support tolling of the statute of limitations.

### 2. *Accrual*

Although the court looks to state law to determine the applicable statute of limitations for Plaintiff's federal claims, when a cause of action begins to accrue is a question of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law."). Under federal law, "[t]he touchstone for determining the commencement of the limitations period is notice: 'a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1136 (9th Cir. 2006) (quoting *Hoesterey v. City of Cathedral City*, 945 F.2d

317, 319 (9th Cir. 1991)); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001).

Accrual of Plaintiff's state-law claims, however, is determined by state law, which is substantially similar to federal law of accrual. Under Hawaii law, state-law personal injury claims accrue when a plaintiff "discovers or should have discovered the negligent act, the damages, and the causal connection between the former and the latter." *Yamaguchi v. Queen's Med. Ctr.*, 65 Haw. 84, 90, 648 P.2d 325, 693-94 (1982). *See also, e.g.*, *Hays v. City & Cty. of Honolulu*, 81 Haw. 391, 396, 917 P.2d 718, 723 (1996) (reiterating that the period "commences to run when plaintiff discovers, or through the use of reasonable diligence should have discovered, (1) the damage; (2) the violation of the duty; and (3) the causal connection between the violation of the duty and the damage") (quoting *Jacoby v. Kaiser Found. Hosp.*, 1 Haw. App. 519, 525, 622 P.2d 613, 617 (1981)).

Under either rubric, malicious prosecution claims accrue upon dismissal or acquittal. *See Manuel v. City of Joliet*, --- S. Ct. ---, 2017 WL 1050976, at *7-8 (Mar. 21, 2017) (recognizing that common-law malicious prosecution claims do not accrue until termination of the underlying legal action in a plaintiff's favor); *see also Heck v. Humphrey*, 512 U.S. 477, 489 (1994) ("[A] cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor."); *Wong v. Cayetano*, 111

13

Haw. 462, 478-79, 143 P.3d 1, 17-18 (2006) (noting that proceedings must have been terminated in the plaintiff's favor before a malicious prosecution claim can be brought).

Here, the SAC does not include allegations suggesting that Plaintiff did not know or have reason to know of his claims, except the malicious prosecution claim, on December 11, 2013, or shortly thereafter. As alleged, at the time of the incident, Plaintiff asked Defendants "if there was any probable cause or warrant." SAC ¶ 22. The SAC further alleges that when "[h]e was . . . arrested and held without probable cause, such action violate[d] his civil right[s] under the United States Constitution also rights under Fourth and Fourteenth Amendments." *Id.* ¶ 25. And, even if Plaintiff did not know or have reason to know of his claims on December 11, 2013, the SAC alleges that "within ninety [days] of the incident, Plaintiff filed a written Notices of Claim upon Defendant City of Honolulu[.]" *Id.* ¶ 7. Nevertheless, Plaintiff argues that none of his claims accrued until the termination of his criminal cases. While this may be true for his malicious prosecution claim, it is not likely true for his remaining claims.

But, even accepting Plaintiff's argument as to all of his claims (which the court does not), all the criminal proceedings arising from the events of December 11, 2013 were dismissed by July 31, 2014 -- more than two years before Plaintiff filed this action. They are barred.

Plaintiff's sole remaining argument is that his claims did not accrue until October 27, 2014, when a separate, unrelated criminal action was terminated in his favor. But neither that action nor the events giving rise to that action form the basis for Plaintiff's claims in this action. Plaintiff's argument -- because his claims are against HPD officers, any criminal action arising out of any HPD officer's conduct is related and therefore delays accrual or tolls the statute of limitation of his claims -- is without merit.

From the face of the SAC and judicially noticed state-court dockets, it is apparent that the statute of limitations began to run on all of Plaintiff's claims no later than July 31, 2016, and therefore, Plaintiff's claims are untimely. The SAC's factual allegations demonstrate "beyond doubt that [Plaintiff] can prove no set of facts that would establish the timeliness of [his] claim[s]." *Supermail Cargo, Inc.*, 68 F.3d at 1206-07. Accordingly, Defendants' Motion to Dismiss is GRANTED. And because "it is absolutely clear that no amendment can cure the defect," granting leave to amend would be futile. *Lucas*, 66 F.3d at 248.

///

///

///

///

///

## V. **CONCLUSION**

Based on the foregoing, Defendants' Motion to Dismiss is GRANTED without leave to amend.  The Clerk of Court is DIRECTED to close the case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 3, 2017.



 /s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Annan-Yartey v. Muranaka, et al.*, Civ. No. 16-00590 JMS-KJM, Order Granting Defendants' Motion To Dismiss Plaintiff's Second Amended Complaint, ECF No. 31